FILED ___ LODGED
___ RECEIVED ___ COPY

JUN 1 9 2014

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

X FILED ___ LODGED
___ RECEIVED ___ COPY

FEB 1 0 2015

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

JOHN S. LEONARDO
United States Attorney
District of Arizona

KRISSA M. LANHAM
krissa.lanham@usdoj.gov
CHRISTINE D. KELLER
Illinois State Bar No. 6281316
christine.keller@usdoj.gov
Assistant U.S. Attorneys
Two Renaissance Square
40 N. Central Ave., Suite 1200
Phoenix, Arizona 85004
Telephone: 602-514-7500
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>Edward Jay Stevens,<br><br>　　　　　Defendant. | CR- 13-1733-PHX-SRB (MHB)<br><br>**PLEA AGREEMENT** |

Plaintiff, United States of America, and the defendant, Edward Stevens, hereby agree to dispose of this matter on the following terms and conditions:

1. **PLEA**

The defendant will plead guilty to Count 1 of an Information charging the defendant with a violation of 18 United States Code (U.S.C.) § 1594 and 1590, Attempt to Engage in Trafficking with Respect to Peonage, Slavery, Involuntary Servitude, or Forced Labor, a Class C felony offense, and will admit the forfeiture allegations contained within the Information.

2. **MAXIMUM PENALTIES**

　　a.　A violation of 18 U.S.C. § 1594 and 1590 is punishable by a maximum fine of $250,000, a maximum term of imprisonment of 20 years, or both, and a term of supervised release of up to three years.

b. According to the Sentencing Guidelines issued pursuant to the Sentencing Reform Act of 1984, the Court shall order the defendant to:

(1) make restitution to any victim of the offense pursuant to 18 U.S.C. § 3663 and/or 3663A, unless the Court determines that restitution would not be appropriate;

(2) pay a fine pursuant to 18 U.S.C. § 3572, unless the Court finds that a fine is not appropriate;

(3) serve a term of supervised release when required by statute or when a sentence of imprisonment of more than one year is imposed (with the understanding that the Court may impose a term of supervised release in all other cases); and

(4) pay upon conviction a $100 special assessment for each count to which the defendant pleads guilty pursuant to 18 U.S.C. § 3013(a)(2)(A).

c. The Court is required to consider the Sentencing Guidelines in determining the defendant's sentence. However, the Sentencing Guidelines are advisory, and the Court is free to exercise its discretion to impose any reasonable sentence up to the maximum set by statute for the crime(s) of conviction, unless there are stipulations to the contrary that the Court accepts.

d. The defendant recognizes that pleading guilty may have consequences with respect to his immigration status if defendant is a recently naturalized United States citizen or is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense(s) to which defendant is pleading guilty. Removal and other immigration consequences are the subject of a separate proceeding, however, and defendant understands that no one, including defendant's attorney or the district court, can predict to a certainty the effect of defendant's conviction on defendant's immigration status in the United States. Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that this plea may entail, even if the consequence is defendant's automatic removal from the United States.

3. **AGREEMENTS REGARDING SENTENCING**

   a.  <u>Stipulation</u>. Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the United States and the defendant stipulate that the defendant's sentence will not exceed 121 months.

   b.  <u>Assets</u>.  The defendant shall make a full accounting of all assets in which the defendant has any legal or equitable interest.  The defendant shall not (and shall not aid or abet any other party to) sell, hide, waste, spend, or transfer any such assets or property before sentencing, without the prior approval of the United States (provided, however, that no prior approval will be required for routine, day-to-day expenditures).

   c.  <u>Acceptance of Responsibility</u>.  If the defendant makes full and complete disclosure to the U.S. Probation Office of the circumstances surrounding the defendant's commission of the offense, and if the defendant demonstrates an acceptance of responsibility for this offense up to and including the time of sentencing, the United States will recommend a two-level reduction in the applicable Sentencing Guidelines offense level pursuant to U.S.S.G. § 3E1.1(a).  If the defendant has an offense level of 16 or more, the United States will recommend an additional one-level reduction in the applicable Sentencing Guidelines offense level pursuant to U.S.S.G. § 3E1.1(b).

4. **AGREEMENT TO DISMISS OR NOT TO PROSECUTE**

   a.  Pursuant to Fed. R. Crim. P. 11(c)(1)(A), the United States shall dismiss the following charges: Counts 1 and 2 of the Indictment.

   b.  This agreement does not, in any manner, restrict the actions of the United States in any other district or bind any other United States Attorney's Office.

5. **COURT APPROVAL REQUIRED; REINSTITUTION OF PROSECUTION**

   a.  If the Court, after reviewing this plea agreement, concludes that any provision contained herein is inappropriate, it may reject the plea agreement and give the defendant the opportunity to withdraw the guilty plea in accordance with Fed. R. Crim. P. 11(c)(5).

   b.  If the defendant's guilty plea or plea agreement is rejected, withdrawn, vacated, or reversed at any time, this agreement shall be null and void, the United States

shall be free to prosecute the defendant for all crimes of which it then has knowledge and any charges that have been dismissed because of this plea agreement shall automatically be reinstated. In such event, the defendant waives any and all objections, motions, and defenses based upon the Statute of Limitations, the Speedy Trial Act, or constitutional restrictions in bringing later charges or proceedings. The defendant understands that any statements made at the time of the defendant's change of plea or sentencing may be used against the defendant in any subsequent hearing, trial, or proceeding subject to the limitations of Fed. R. Evid. 410.

6.  **WAIVER OF DEFENSES AND APPEAL RIGHTS**

The defendant waives (1) any and all motions, defenses, probable cause determinations, and objections that the defendant could assert to the indictment or information; and (2) any right to file an appeal, any collateral attack, and any other writ or motion that challenges the conviction, an order of restitution or forfeiture, the entry of judgment against the defendant, or any aspect of the defendant's sentence, including the manner in which the sentence is determined, including but not limited to any appeals under 18 U.S.C. § 3742 (sentencing appeals) and motions under 28 U.S.C. §§ 2241 and 2255 (habeas petitions), and any right to file a motion for modification of sentence, including under Title 18, U.S.C., § 3582(c). This waiver shall result in the dismissal of any appeal, collateral attack, or other motion the defendant might file challenging the conviction, order of restitution or forfeiture, or sentence in this case.

7.  **DISCLOSURE OF INFORMATION**

    a.  The United States retains the unrestricted right to provide information and make any and all statements it deems appropriate to the U.S. Probation Office and to the Court in connection with the case.

    b.  Any information, statements, documents, and evidence that the defendant provides to the United States pursuant to this agreement may be used against the defendant at any time.

  c. The defendant shall cooperate fully with the U.S. Probation Office. Such cooperation shall include providing complete and truthful responses to questions posed by the U.S. Probation Office including, but not limited to, questions relating to:

    (1) criminal convictions, history of drug abuse, and mental illness; and

    (2) financial information, including present financial assets or liabilities that relate to the ability of the defendant to pay a fine or restitution.

## 8. FORFEITURE, CIVIL, AND ADMINISTRATIVE PROCEEDINGS

  a. Defendant acknowledges that certain property (hereinafter referred to as "Specified Property") is subject to forfeiture pursuant to 18 U.S.C. § 1594 as it constitutes facilitating property and proceeds traceable to Attempt to Engage in Trafficking with Respect to Peonage, Slavery, Involuntary Servitude, or Forced Labor in violation of 18 U.S.C. § 1590, and hereby agrees to forfeit the following Specified Property:

    (1) $4000 in U.S. Currency seized on December 13, 2013.

  b. The defendant states that he is the sole owner of the Specified Property and that to the best of his knowledge no one else has any ownership or other interest in the property.

  c. The defendant agrees to fully assist the government in the forfeiture of the Specified Property and to take whatever steps are necessary to pass clear title to the United States, including, but not limited to, surrendering title and executing any documents necessary to transfer the defendant's interest in any of the Specified Property to the United States, assisting in bringing any assets located outside of the United States within the jurisdiction of the United States, and taking whatever steps are necessary to ensure that assets subject to forfeiture are not sold, disbursed, wasted, hidden, or otherwise made unavailable for forfeiture.

  d. The defendant consents to the entry of a preliminary order of forfeiture of the Specified Property prior to sentencing and a final order of forfeiture of the Specified Property at sentencing and judgment. At the time of the entry of the court's judgment,

any preliminary order of forfeiture shall automatically be made final and be incorporated into the sentence and judgment.

e.   Defendant knowingly and voluntarily waives any right, challenge, defense, argument, and/or claim concerning the Specified Property arising under (i) the U.S. Constitution, including without limitation the clauses thereof relating to due process, excessive fine, excessive punishment, double jeopardy, and/or trial by jury; (ii) any statutory provision, including without limitation any provision in the Civil Asset Forfeiture Reform Act of 2000 or any statute of limitations, and/or relating to trial by jury, service of process, notice to the defendant or the defendant's attorney or other agent (whether in the charging instrument, during the plea colloquy, at sentencing, or at any other time or in any other document), and/or any other process or proceeding; (iii) any rule of practice or procedure, including without limitation Fed. R. Crim. P. 7(c)(2), 11(b)(1)(J), and 32.2; and/or (iv) any principle of equity. Such waivers shall apply irrespective of whether the right, challenge, defense, argument and/or claim at issue is brought or asserted through motion, appeal, habeas corpus proceeding, or any other means.

f.   Any criminal, civil, or administrative forfeiture of the defendant's right, title, and interest in the Specified Property shall not now or in the future be treated as satisfaction of any assessment, fine, cost of imprisonment, or any other penalty that the court may impose upon the defendant in addition to forfeiture.

g.   Nothing in this agreement shall prevent the United States from instituting civil judicial or administrative forfeiture proceedings against any additional forfeitable assets in which the defendant has an interest.

h.   Defendant agrees not to file a claim or assist others in filing a claim to any of the Specified Property in any criminal or civil proceeding, administrative, or judicial, which may be initiated and agrees to abandon any claims already made in such proceedings.

i.   Defendant understands and agrees that, by virtue of his plea of guilty,

Defendant will waive any rights or cause of action that Defendant might otherwise have had to claim that he is a "substantially prevailing party" for the purpose of recovery of attorney fees and other litigation costs in any related civil forfeiture proceeding.

j. Nothing in this agreement shall be construed to protect the defendant from administrative or civil forfeiture proceedings or prohibit the United States from proceeding with and/or initiating an action for civil forfeiture. Pursuant to 18 U.S.C. § 3613, all monetary penalties, including restitution imposed by the Court, shall be due immediately upon judgment and subject to immediate enforcement by the United States. If the Court imposes a schedule of payments, the schedule of payments shall be merely a schedule of minimum payments and shall not be a limitation on the methods available to the United States to enforce the judgment.

9. **ELEMENTS**

**Attempt to Engage in Trafficking with Respect to Peonage, Slavery, Involuntary Servitude, or Forced Labor**

Beginning on or about August 19, 2013, and continuing until on or about December 13, 2013, in the District of Arizona:

1. The defendant knowingly attempted to recruit, harbor, transport, provide, and obtain a person;

2. The defendant did so in an attempt to receive a person for labor or services in violation of Title 18, United States Code, Section 1589 (Forced Labor); and

3. The defendant did something that was a substantial step towards committing the crime.

The elements of a violation of Title 18, United States Code, Section 1589 (Forced Labor) are:

1. The defendant obtained or attempted to obtain the labor or services of a person;

2. The defendant did so by means of force, threats of force, physical restraint, or threats of physical restraint to that person; and

3. The defendant acted knowingly.

**10. FACTUAL BASIS**

a.   The defendant admits that the following facts are true and that if this matter were to proceed to trial the United States could prove the following facts beyond a reasonable doubt:

b.   Beginning on August 19, 2013, and continuing until December 13, 2013, I knowingly attempted to obtain a person for purposes of Forced Labor. Specifically, on August 19, 2013, I responded to a Federal Bureau of Investigation (FBI) undercover posting on a public website which stated that a slave auction was going to take place. I subsequently had email and telephone conversations with an FBI undercover employee (UCE) regarding the slave auction on September 27, 2013, October 1, 2013, October 7, 2013, October 16, 2013, and November 12, 2013. As part of those conversations, the UCE informed me that he was selling kidnapped females against their will, and I told the UCE that I understood. I told the UCE that I wanted to purchase a slave for a combination of domestic servitude and sexual purposes. I also told the UCE that I planned to "prepare my home so it would be harder for [the slaves] to get out if I wasn't directly supervising them." Specifically, I told the UCE I planned to put a "solid door on [my] spare bedroom," "bars over the windows," a "double sided lock, deadbolt on [the] main door," and "key locks on all the rest of the windows." In November 2013, I hired a contractor to install bars on my windows and a special door lock.

On December 13, 2013, I met another FBI UCE, who took me to a residence in Paradise Valley where I believed the slave auction would be taking place. I brought $4,000 with me in my jacket pocket in order to purchase a slave. Law enforcement officers who executed a search warrant at my home that same day found handcuffs, ropes, and restraint devices, which I planned to use to restrain the female that I purchased for domestic servitude and sexual purposes.

c.   The defendant shall swear under oath to the accuracy of this statement and, if the defendant should be called upon to testify about this matter in the future, any intentional material inconsistencies in the defendant's testimony may subject the

defendant to additional penalties for perjury or false swearing, which may be enforced by the United States under this agreement.

## APPROVAL AND ACCEPTANCE OF THE DEFENDANT

I have read the entire plea agreement with the assistance of my attorney. I understand each of its provisions and I voluntarily agree to it.

I have discussed the case and my constitutional and other rights with my attorney. I understand that by entering my plea of guilty I shall waive my rights to plead not guilty, to trial by jury, to confront, cross-examine, and compel the attendance of witnesses, to present evidence in my defense, to remain silent and refuse to be a witness against myself by asserting my privilege against self-incrimination, all with the assistance of counsel, and to be presumed innocent until proven guilty beyond a reasonable doubt.

I agree to enter my guilty plea as indicated above on the terms and conditions set forth in this agreement.

I have been advised by my attorney of the nature of the charges to which I am entering my guilty plea. I have further been advised by my attorney of the nature and range of the possible sentence and that my ultimate sentence shall be determined by the Court after consideration of the advisory Sentencing Guidelines.

My guilty plea is not the result of force, threats, assurances, or promises, other than the promises contained in this agreement. I voluntarily agree to the provisions of this agreement and I agree to be bound according to its provisions.

I understand that if I am granted probation or placed on supervised release by the Court, the terms and conditions of such probation/supervised release are subject to modification at any time. I further understand that if I violate any of the conditions of my probation/supervised release, my probation/supervised release may be revoked and upon such revocation, notwithstanding any other provision of this agreement, I may be required to serve a term of imprisonment or my sentence otherwise may be altered.

This written plea agreement, and any written addenda filed as attachments to this plea agreement, contain all the terms and conditions of the plea. Any additional

agreements, if any such agreements exist, shall be recorded in a separate document and may be filed with the Court under seal; accordingly, additional agreements, if any, may not be in the public record.

I further agree that promises, including any predictions as to the Sentencing Guideline range or to any Sentencing Guideline factors that will apply, made by anyone (including my attorney) that are not contained within this written plea agreement, are null and void and have no force and effect.

I am satisfied that my defense attorney has represented me in a competent manner.

I fully understand the terms and conditions of this plea agreement. I am not now using or under the influence of any drug, medication, liquor, or other intoxicant or depressant that would impair my ability to fully understand the terms and conditions of this plea agreement.

6·19·14
Date

EDWARD STEVENS
Defendant

### APPROVAL OF DEFENSE COUNSEL

I have discussed this case and the plea agreement with my client in detail and have advised the defendant of all matters within the scope of Fed. R. Crim. P. 11, the constitutional and other rights of an accused, the factual basis for and the nature of the offense to which the guilty plea will be entered, possible defenses, and the consequences of the guilty plea including the maximum statutory sentence possible. I have further discussed the concept of the advisory Sentencing Guidelines with the defendant. No assurances, promises, or representations have been given to me or to the defendant by the United States or any of its representatives that are not contained in this written agreement. I concur in the entry of the plea as indicated above and that the terms and conditions set forth in this agreement are in the best interests of my client. I agree to make a bona fide effort to ensure that the guilty plea is entered in accordance with all the requirements of Fed. R. Crim. P. 11.

6·19.74  
Date

_____  
Joseph Duarte  
Attorney for Defendant

## APPROVAL OF THE UNITED STATES

I have reviewed this matter and the plea agreement. I agree on behalf of the United States that the terms and conditions set forth herein are appropriate and are in the best interests of justice.

JOHN S. LEONARDO  
United States Attorney  
District of Arizona

6/19/14  
Date

_____  
KRISSA M. LANHAM  
CHRISTINE D. KELLER  
Assistant U.S. Attorneys

## ACCEPTANCE BY THE COURT

2/10/15  
Date

_____  
Honorable SUSAN R. BOLTON  
United States District Judge